**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION**

CASE NO. 2:10-CV-00067-CEH-DNF

BRETT BACHMAN, JESUS CALDERONE,
GABRIEL ARCHILA, MAXWELL
BARTHELMESS, JOSHUA BROTHEIM,
JOHN COPE, MICHAEL DAVIS, DOUGLAS
HARDESTY, KENNETH HARBIN, FRANK
HARTLEB, WAYNE KELLY, VICTOR
MARTINEZ, SILVIO MAURIZ, CHRIS
MESHELL, JEFF PLEVIN, DANNY
RIVERA, ERWIN ROJAS, REYES ROJAS,
STEPHEN SHEA, WILLIAM WEISSINGER,
KELVIN BETANCES-RODRIGUEZ,
STEVEN BETTS, ANGEL FELIZ, ALFREDO
MARRANZINI, NICOLAS MARTE,
DAYLIN ULLOA-POLANCO, AND
ANALQUI FRANCO, ON BEHALF OF
THEMSELVES AND ALL OTHERS
SIMILARLY SITUATED,

                              Plaintiffs,

                    v.

CABLENET SERVICES UNLIMITED, INC.,
A DELAWARE CORPORATION, AND
CABLENET SERVICES UNLIMITED,
(FLORIDA), LLC, A DELAWARE LIMITED
LIABILITY COMPANY,

                              Defendants.  /

**DEFENDANTS' MOTION FOR ORDER TO SHOW CAUSE**

Defendants CableNet Services Unlimited, Inc., and CableNet Services Unlimited, (Florida), LLC, by and through their undersigned counsel, file this Motion requesting the Court find Plaintiffs in contempt of the Court's Order and/or to show cause as to why they should not be so found.  In support of this Motion, Defendants state the following:

## BACKGROUND

1. On March 16, 2010, this Court issued a Scheduling Order, which requires the parties' "strict adherence to [its] deadlines." [D.E. 13 at ¶ 10]. "Failure to comply" with the Order "may result in the imposition of sanctions, including but not limited to the dismissal of the case." [D.E. 13 at ¶ 10]. Despite this unequivocal directive, Plaintiff has, on numerous occasions, failed to comply with this Court's Order.

2. Paragraph 4 of the Order requires the parties to meet in person and confer "in a good-faith effort to settle all pending issues, including attorneys' fees and costs." [D.E. 13 at ¶ 4]. The parties must be available by telephone to consider and approve any settlement negotiated by counsel. [D.E. 13 at ¶ 4].

3. As set forth in detail with supporting documentation in Defendants' Status Report [D.E. 56], Plaintiff's counsel did not reply to Defendants' counsel's request to meet and confer until the day of the meet-and-confer deadline. [D.E. 56 at ¶¶ 1-3]. At that time, Plaintiffs' counsel telephoned the undersigned and admitted that he had not been given authority to settle on behalf of Plaintiffs. [D.E. 56 at ¶ 3]. Also in violation of the Court's Order, Plaintiffs refused to make a settlement demand, despite Defendants' numerous requests. [D.E. 56; 48].

4. The Court ordered Plaintiffs' counsel to attend an in-person meeting with Defendants' counsel to attempt to settle all pending issues. [D.E. 59].

5. The Court has also issued clear rules and procedures for the parties' participation in court-ordered mediation. Plaintiff has similarly failed to comply with the Court's orders with respect to mediation. The parties participated in a mediation on September 22, 2010. [D.E. 83] (Mediator's Report). At significant expense, Defendants' general counsel and President traveled from Pennsylvania to attend the mediation. In advance of the mediation,

2

Defendants provided Plaintiff's counsel with more than 20,000 pages of requested documents, despite having no obligation to do so but, rather, in an attempt to provide as much information as possible to enable the parties to address issues in a factual and supportable way.

6. The Court's rules provide that

> Each attorney acting as lead trial counsel, and **each party** (and in the case of a corporate party, a corporate representative) **with full authority to settle,** *shall* **attend and participate in the mediation conference. . . . The Court will impose sanctions upon lead counsel and parties who do not attend and participate in good faith in the mediation conference.** [D.E. 103] (emphasis supplied in part).

7. Despite having filed an Amended Complaint, whereby the two original named plaintiffs added eighteen additional named plaintiffs on September 16, 2010, only one of the plaintiffs attended the mediation conference. [D.E. 83] (identifying the parties in attendance, including only Plaintiff Barthelmess of the 18 named-party plaintiffs). Thus, Plaintiffs' counsel was without full settlement authority for the other seventeen named-party plaintiffs. Notably, neither of the two original plaintiffs were in attendance or available by telephone for the mediation.

8. The Court's rules also provide that the mediation "*shall continue until adjourned by the mediator.*" [D.E. 103] (emphasis in the original). Specifically, the rules provide:

> **Authority to Declare Impasse**—Participants shall be prepared to spend as much time as necessary to settle the case. **No participant may force the early conclusion of a mediation because of travel plans or other engagements.** Only the mediator may declare an impasse or end the mediation. [D.E. 103].

9. Despite this mandate, the lone named-plaintiff stated that he was unable to stay beyond 4:30 p.m. (less than three hours after the conference began), due to prior commitments. Similarly, both of the two attorneys who attended on behalf of Plaintiffs

3

represented that, they, too, would not remain past 5 p.m. Having expended significant time and cost to attend the conference and being prepared to make every effort to reach a mutually agreeable resolution of the case, Defendants' counsel and corporate representative were prepared to remain for as long as the mediator deemed appropriate as was necessary to comply with the Court's Order.

10. During the conference, Plaintiffs' counsel did not engage in good-faith settlement discussions. Specifically, Plaintiffs' counsel refused to tender a counter-offer to Defendants' several offers of compromise or to otherwise tender a demand other than the same demand made for full payment of all claims as calculated by Plaintiffs' counsel.[1]

11. The Court's Order also requires that the parties exchange certain documents within twenty-one days from the date that any opt-in plaintiff files his notice to join the matter. [D.E. 13 at ¶ 2]. Twenty-one days thereafter, the opt-in plaintiff must "answer the Court's Interrogatories . … . under oath of penalty of perjury, serve a copy on Defendant, and file the answers with the Court." [D.E. 13 at ¶ 3].

12. Despite this Order, Plaintiffs Wayne Kelly and Reyes Rojas have not filed their Interrogatory responses, leading the Court to order those plaintiffs to comply within seven days. [D.E. 109] (ordering that failure to comply by November 22, 2010, the plaintiffs will be subject to sanctions).

13. Opt-in Plaintiff Daylin Ulloa filed his Notice of Consent to Join on October 4, 2010. [D.E. 88]. Defendants produced Ulloa's pay and time records to Plaintiffs'

---

[1] Plaintiffs' counsel is well aware of the Court's requirements for mediation. In a different FLSA case, this Court found that the plaintiff "violated the Scheduling Order" by failing to attend the mediation conference. *See Bates v. Smuggler's Enterp., Inc.*, No. 2:10-cv-136-FtM-29DNF [D.E. 31] (Oct. 26, 2010) (Order on Defendants' Motion for Sanctions).

counsel on October 11, 2010. Thus, the twenty-one-day deadline for Plaintiff Ulloa to file his responses to the Court's Interrogatories expired on November 1, 2010.

14. The undersigned has made several requests to Plaintiffs' counsel that Plaintiff Ulloa comply with the Court's Order but has received no assurances that compliance will be forthcoming.

15. Opt-in Plaintiff Franco filed his Notice of Consent to Join on October 22, 2010. [D.E. 98]. Defendants produced Franco's pay and time records on October 26, 2010. Thus, the twenty-one-day deadline for Plaintiff Franco to file his responses to the Court's Interrogatories expired on November 16, 2010.

16. In response to the inquiry of the undersigned, Plaintiffs' counsel's legal assistant stated that Plaintiffs' counsel would "try to get [them] filed" on November 17, 2010. To date, the responses have not been filed.

17. Additionally, Plaintiffs failed to provide their Rule 26 Initial Disclosures until requested by the undersigned on November 16, 2010, the day after the disclosures were due in accordance with the Court's Order. [D.E. 103].

18. Finally, several of the opt-in plaintiffs' responses to the Court's Interrogatories are grossly deficient, thereby constituting yet additional violations of the Court's orders. For example, in response to Interrogatory No. 9, which requires the plaintiff to "specify all attorney's fees and costs incurred to date" with supporting information, Plaintiff Archila responded "N/A" [D.E. 80], Plaintiffs Betances, Cope, Hartleb, Mauriz, responded "Unknown at this time" [D.E. 104; 89; 71; 71], Plaintiffs Betts, Davis, Feliz, Marranzini, Marte, Martinez, Erwin Rojas, and Shea responded "Unknown" [D.E. 105; 89; 104; 104; 104, 84, 47, 82], Plaintiff Hardesty responded, "Complained about overtime to Jim Bergen" [D.E. 79].

19. Defendants' counsel's requests to Plaintiffs' counsel to provide complete and accurate responses to the Court's Interrogatories have been unsuccessful. *See* Local Rule 3.01(g).

20. Plaintiffs have demonstrated a repeated disregard for this Court's Orders, thus resulting in significant burden to the defendants, which includes attorney's fees and costs in making numerous requests for Plaintiffs' compliance, and the preparation and filing of this and previous motions.

21. Plaintiffs' sanctionable conduct has been at issue from the very inception of this case. *See* D.E. 48 (Defendants' Motion to Dismiss Pursuant to FRCP 16(f)) (filed June 4, 2010) (detailing Plaintiffs' counsel's refusal to tender a settlement demand); D.E. 106 (Defendants' Motion for Extension of Time to File Their Response In Opposition of Plaintiffs' Motion to Certify Class and Authorize Notice) (filed Nov. 5, 2010) (stating that Defendants' Counsel refused to grant an extension of time to respond to Plaintiffs' Motion and failing to identify any reason for such refusal); D.E. 107 (Defendants' Response In Opposition to Plaintiffs' Motion to File a Second Amended Complaint) (filed Nov. 5, 2010) (stating that Plaintiffs' counsel agreed to correct the Amended Complaint by removing the additional plaintiffs added without Defendants' consent but subsequent refusal to comply with that promise).

**ARGUMENT**

22. The Court has several bases of authority from which it can sanction a party and/or the party's counsel.

23. First, the specific provisions of the Court's Scheduling Order provides for sanctions for failure to comply. *See C. Fla. Council BSA, Inc. v. Rasmussen*, No. 6:07-CV-1091-Orl-19GJK, 2009 U.S. Dist. LEXIS 77439, at *11 (M.D. Fla. Aug. 28, 2009) (ordering sanctions

6

on several grounds, including failure to comply with the court's case-management order). There is no doubt that the plaintiffs in this case have violated several of the specific directives set forth in the Court's Scheduling Order, thereby warranting sanctions.

24. Second, Federal Rules of Civil Procedure 16(f) and 37(b) provide the Court with the power to sanction an offending party and award reasonable expenses under certain circumstances. *See* Fed. R. Civ. P. 16(f)(C) (a court may issue "any just orders," including those authorized by Rule 37, if a party or its attorney "fails to obey a scheduling . . . order."); Fed. R. Civ. P. 37(b)(2)(A) (identifying sanctions available to the court).

25. Third, the Court possesses the inherent power to police its docket. *See, e.g., Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-33 (1962); *Mingo v. Sugar Cane Growers Co-op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989).

26. And, fourth, Federal Rule of Civil Procedure 11(c)(3) states that "the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b)." Fed. R. Civ. Pr. 11(c)(3) (*cited by Dent v. Giaimo*, 665 F. Supp. 2d 1295, 1302 (S.D. Fla. 2009) (ordering sanctions against plaintiff's counsel pursuant to the court's inherent powers)).

27. An Order to Show Cause is appropriately issued for "the purpose of admonishing an attorney's deficiency, oversight, and/or incompetence," where, such as here, a party fails to comply with Court-ordered deadlines. *See Epping v. Outdoor Living Pool & Patio*, No. 6:09-cv-323-Orl-31KRS, 2009 U.S. Dist. LEXIS 44979, at *2, n.1 (M.D. May 19, 2009).

WHEREFORE, Defendants respectfully request that the Court exercise its discretion to issue an Order to Show Cause to Plaintiffs and their counsel for their repeated and ongoing failure to comply with this Court's Orders and to order Plaintiffs and/or Plaintiffs' Counsel to:

    a. pay Defendants' fees and costs incurred in preparing and filing this Motion;

    b. pay Defendants' fees and costs incurred in preparing for and attending the Mediation Conference held on September 21, 2010;

    c. reimburse Defendants for the Mediator's fees;

    d. dismiss Plaintiff Ulloa with prejudice;

    e. dismiss Plaintiff Franco with prejudice; and

    f. issue any other relief as justice so requires and the Court sees fit.

RESPECTFULLY SUBMITTED, this 19th day of November 2010.

    */s/ Margaret M. DiBianca*
    Margaret M. DiBianca, Esq. (DE Bar No. 4539)
    Scott A. Holt (DE Bar No. 6623)
    *Pro Hac Vice*
    YOUNG CONAWAY Brandywine Building
    1000 West Street, 17th Floor
    Wilmington, Delaware 19899-0391
    Telephone: (302) 571-5008
    Facsimile: (302) 576-3476
    E-mail: mdibianca@ycst.com

    and

    */s/ Amy L. Garrard*
    Amy L. Garrard (FL Bar No. 0908711)
    GRAY ROBINSON, P.A.
    5551 Ridgewood Drive, Suite 101
    Naples, Florida 34108
    Telephone: (239) 598-3601
    Facsimile: (239) 598-3164
    Email: Amy.Garrard@gray-robinson.com

    *Attorneys for Defendants*

Dated: November 19, 2010