# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### FT. MYERS DIVISION

**BRETT BACHMAN, JESUS CALDERONE, GABRIEL ARTHILA, MAXWELL BARTHELMESS, JOSHUA BROTHEIM, JOHN COPE, MICHAEL DAVIS, DOUGLAS HARDESTY, KENNETH HARBIN, FRANK HARTLEB, WAYNE KELLY, VICTOR MARTINEZ, SYLVIO MAURIZ, CHRIS MESHELL, JEFF PLEVIN, DANNY RIVERA, ERWIN ROJAS, REYES ROJAS, STEPHEN SHEA, WILLIAM WEISSINGER, KELVIN BETANCES-RODRIGUEZ, STEVEN BETTS, ANEL FELIZ, ALFREDO MARRANZINI, NICOLAS MARTE, DYLIN ULLOA-POLANCO, ANALQUI FRANCO, Individually, and on behalf of all Others Similarly Situated**

       **Plaintiffs,**

-vs-                   Case No. 2:10-cv-67-FtM-36DNF

**CABLENET SERVICES UNLIMITED, INC., A Delaware Corporation, CABLENET SERVICES UNLIMITED (FLORIDA) LLC, a Foreign Limited Liability Company,**

       **Defendants.**

_____

## ORDER

  This cause came on for consideration on the following motion(s) filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION FOR A PROTECTIVE ORDER FROM DEFENDANTS TAKING MORE THAN TEN DEPOSITIONS AND FOR MISCELLANEOUS RELIEF** (Doc. No. 124) |
| **FILED:** | December 3, 2010 |

**THEREON** it is **ORDERED** that the motion is **DENIED**.

The Plaintiffs are requesting that the Court limit the Defendants to taking ten (10) depositions, require the Defendants to coordinate the scheduling of the depositions with Plaintiffs' counsel, require the depositions to be conducted in Lee County, Florida, allow only one deposition to be conducted at a time, limit the depositions to three (3) hours each, and set the depositions at a neutral location. The Plaintiffs cite to law regarding depositions of class members or opt-in plaintiffs, however, in this case, the Defendants are requesting to depose all twenty-seven (27) named Plaintiffs and reserve ten (10) additional depositions.

The Plaintiffs assert that the Defendants failed to confer regarding the scheduling of the twenty-seven (27) depositions. It is clear from the attachments to the response that counsel for the Defendants did contact Plaintiffs' counsel regarding these depositions. In the letter dated November 8, 2010, Defendant's counsel states that she intends to take the depositions of "all named and opt-in Plaintiffs." On November 14, 2010 by e-mail, Defendants' counsel reminded the Plaintiffs' counsel that she wanted to schedule the Plaintiffs' depositions but had not heard from Plaintiffs' counsel. On November 16, 2010, a paralegal at the Plaintiffs' counsels' office responded that the Plaintiffs' counsel has limited availability in December and January, and asked that Defendants' counsels' assistant contact her for potential dates in January and February. On November 16, 2010, the paralegal for Plaintiffs' counsel asked who the Defendants wanted to depose and the length of time

for the depositions. Counsel for the plaintiffs responded that she would be deposing all of the named Plaintiffs, that she would need one day for each Plaintiff, and that she would depose two Plaintiffs on each day having local counsel depose a Plaintiff at the same time she was deposing a Plaintiff. Clearly the Plaintiffs' counsel knew that the Defendants wanted to depose all of the named Plaintiffs, that the depositions would last one day, and that two Plaintiffs would be deposed at the same time. Further, the Defendants' counsel requested available dates repeatedly from the Plaintiffs' counsel. The Court finds no merit in the Plaintiffs argument that the Defendants scheduled depositions without conferring regarding availability.

The Court agrees that the Defendants should have requested leave to take more than ten (10) depositions as is required in Fed.R.Civ.P. 30(a)(3)(A)(1). However, the Plaintiffs never objected in any correspondence to the Defendants deposing all of the named Plaintiffs, to the Plaintiffs taking two depositions at one time, or to the length of the depositions, and therefore, the parties could not attempt to resolve the issues raised in the Motion due to the lack of cooperation on the part of the Plaintiffs' counsel.

The Plaintiffs chose to name all of the Plaintiffs rather than allow them to be opt-in Plaintiffs, and therefore, the Court will allow the Defendants to depose all of the named Plaintiffs. The Court does not find it onerous to have the depositions taken in Naples, Florida nor have the Plaintiffs presented any meritorious arguments as to why the depositions cannot be conducted in the offices of the Defendants' local counsel. Pursuant to Local Rule 3.04(b), "it is the general policy of the Court that a non-resident plaintiff may reasonably be deposed at least once in this District during the discovery stages of the case." Therefore, the Court will allow the depositions to go forward in Naples, Florida. Further, Fed.R.Civ.P. 30(d)(1), limits the duration of a deposition to 1 day of 7 hours which

is the duration that the Defendants are requesting. The Court finds no merit in limiting the depositions to 3 hours. The Plaintiffs also argue that the depositions should be conducted one at a time. The Plaintiffs did not articulate a reason why two depositions could not be conducted simultaneously. Therefore, the Court finds that the Motion to Protective Order is due to be denied.

**IT IS FURTHER ORDERED:**

1) The Defendants are permitted to take a total of thirty-seven (37) depositions in this case.

2) The parties shall cooperate in the scheduling and taking of the depositions.

**DONE** and **ORDERED** in Chambers in Ft. Myers, Florida this __23rd__ day of December, 2010.

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record