UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

BRETT BACHMAN, JESUS CALDERONE,
GABRIEL ARTHILA, MAXWELL
BARTHELMESS, JOSHUA BROTHEIM,
JOHN COPE, MICHAEL DAVIS,
DOUGLAS HARDESTY, KENNETH HARBIN,
FRANK HARTLEB, VICTOR MARTINEZ,
SYLVIO MAURIZ, CHRIS MESHELL,
JEFF PLEVIN, DANNY RIVERA, ERWIN
ROJAS, STEPHEN SHEA, WILLIAM
WEISSINGER, KELVIN BETANCES-
RODRIGUEZ, STEVEN BETTS, ANGEL FELIZ,
ALFREDO MARRANZINI, NICOLAS MARTE,
DAYLIN ULLOA-POLANCO, and ANALQUI
FRANCO, On Behalf of Themselves
and all Others Similarly Situated,

    Plaintiffs,                               CASE NO.  2:10-cv-67-FtM-36 DNF

vs.

CABELNET SERVICES UNLIMITED, INC., a
Delaware Corporation, and CABLENET SERVICES
UNLIMITED (FLORIDA) LLC, A Foreign Limited
Liability Company,

    Defendants.
_____/

**<u>THIRD AMENDED COLLECTIVE ACTION COMPLAINT FOR VIOLATIONS OF FAIR LABOR STANDARDS ACT, CLAIMS FOR DAMAGES AND INJUNCTIVE RELIEF</u>**

**JURY TRIAL DEMANDED**

COME NOW the Plaintiffs, BRETT BACHMAN, JESUS CALDERONE,

GABRIEL ARTHILA, MAXWELL BARTHELMESS, JOSHUA BROTHEIM, JOHN

COPE, MICHAEL DAVIS, DOUGLAS HARDESTY, KENNETH HARBIN, FRANK

HARTLEB, VICTOR MARTINEZ, SYLVIO MAURIZ, CHRIS MESHELL, JEFF

PLEVIN, DANNY RIVERA, ERWIN ROJAS, STEPHEN SHEA, WILLIAM WEISSINGER, KELVIN BETANCES-RODRIGUEZ, STEVEN BETTS, ANGEL FELIZ, ALFREDO MARRANZINI, NICOLAS MARTE, DAYLIN ULLOA-POLANCO and ANALQUI FRANCO, on behalf of themselves, and all others similarly situated, (hereinafter collectively "Plaintiffs") by and through counsel, and hereby set forth this collective action for violation of the Fair Labor Standards Act under 29 U.S.C. §216(b) as follows :

## PRELIMINARY STATEMENT

1.  Plaintiffs bring this action against Defendants, CABLENET SERVICES UNLIMITED, INC., a Delaware Corporation, and CABLENET SERVICES UNLIMITED (FLORIDA) LLC, A Foreign Limited Liability Company, (hereinafter "CABLENET") for unpaid overtime compensation and related penalties and damages. Defendants' practice and policy is to willfully fail and refuse to properly pay overtime compensation due to Plaintiffs and all other similarly situated employees. Doing so is direct in violation of the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* (FLSA).

2.  Defendants' practices are in direct violation of the FLSA, and Plaintiffs seek injunctive and declaratory relief; overtime wage premiums for all unpaid overtime hours which were not paid but were required, suffered, or permitted by Defendants; liquidated and/or other damages as permitted by applicable law; and attorney's fees, costs, and expenses incurred in this action.

## PARTIES

3.  Plaintiff BRETT BACHMAN is an adult and resides in Lee County, Florida. Plaintiff was employed as a cable services installer for the Defendants. The

Plaintiff worked extensively in the field on a daily basis in southwest Florida. Plaintiff's work originated out of Defendants CABLENET's office located at 2280 Bruner Lane, Fort Myers, Florida 33900. Copy of his Consent to Join is attached as Exhibit A.

4. Plaintiff JESUS CALDERONE is an adult and resides in Dade County, Florida though at the time of his employment with Defendants resided in Collier County, Florida. Plaintiff was employed as a cable services installer for the Defendants. The Plaintiff worked in the field on a daily basis in southwest Florida. Plaintiff's work originated out of Defendants CABLENET's office located at 2280 Bruner Lane, Fort Myers, Florida 33900.  Copy of his Consent to Join is attached as Exhibit B.

5. Plaintiff GABRIEL ARTHILA is an adult and resides in Charlotte County, Florida though at the time of his employment with Defendants resided in Lee County, Florida.  Plaintiff was employed as a cable services installer for the Defendants. The Plaintiff worked in the field on a daily basis in southwest Florida. Plaintiff's work originated out of Defendants CABLENET's office located at 2280 Bruner Lane, Fort Myers, Florida 33900.  A copy of his Consent to Join is attached as Exhibit C.

6. Plaintiff MAXWELL BARTHELMESS is an adult and resides in Lee County, Florida. Plaintiff was employed as a cable services installer for the Defendants. The Plaintiff worked in the field on a daily basis in southwest Florida. Plaintiff's work originated out of Defendants CABLENET's office located at 2280 Bruner Lane, Fort Myers, Florida 33900. A copy of his Consent to Join is attached as Exhibit D.

7. Plaintiff JOSHUA BROTHEIM is an adult and resides in Lee County, Florida. Plaintiff was employed as a cable services installer for the Defendants. The Plaintiff worked in the field on a daily basis in southwest Florida. Plaintiff's work

originated out of Defendants CABLENET's office located at 2280 Bruner Lane, Fort Myers, Florida 33900.  A copy of his Consent to Join is attached as Exhibit E.

8. Plaintiff JOHN COPE is an adult and resides in Lee County, Florida. Plaintiff was employed as a cable services installer for the Defendants. The Plaintiff worked in the field on a daily basis in southwest Florida. Plaintiff's work originated out of Defendants CABLENET's office located at 2280 Bruner Lane, Fort Myers, Florida 33900.  A copy of his Consent to Join is attached as Exhibit F.

9. Plaintiff MICHAEL DAVIS is an adult and currently resides in Highlands County, Florida though at the time of his employment with Defendants resided in Lee County, Florida. Plaintiff was employed as a cable services installer for the Defendants. The Plaintiff worked in the field on a daily basis in southwest Florida. Plaintiff's work originated out of Defendants CABLENET's office located at 2280 Bruner Lane, Fort Myers, Florida 33900.  A copy of his Consent to Join is attached as Exhibit G.

10. Plaintiff DOUGLAS HARDESTY is an adult and currently resides in Charlotte County, Florida though at the time of his employment with Defendants resided in Lee County, Florida. Plaintiff was employed as a cable services installer for the Defendants. The Plaintiff worked in the field on a daily basis in southwest Florida. Plaintiff's work originated out of Defendants CABLENET's office located at 2280 Bruner Lane, Fort Myers, Florida 33900.  A copy of his Consent to Join is attached as Exhibit H.

11. Plaintiff KENNETH HARBIN is an adult and currently resides in Charlotte County, Florida though at the time of his employment with Defendants resided in Lee County, Florida. Plaintiff was employed as a cable services installer for the

Defendants. The Plaintiff worked in the field on a daily basis in southwest Florida. Plaintiff's work originated out of Defendants CABLENET's office located at 2280 Bruner Lane, Fort Myers, Florida 33900. A copy of his Consent to Join is attached as Exhibit I.

12. Plaintiff FRANK HARTLEB is an adult and currently resides in Wake County, North Carolina though at the time of his employment with Defendants resided in Lee County, Florida. Plaintiff was employed as a cable services installer for the Defendants. The Plaintiff worked in the field on a daily basis in southwest Florida. Plaintiff's work originated out of Defendants CABLENET's office located at 2280 Bruner Lane, Fort Myers, Florida 33900. A copy of his Consent to Join is attached as Exhibit J.

13. Plaintiff VICTOR MARTINEZ is an adult and currently resides in Palm Beach County, Florida though at the time of his employment with Defendants resided in Lee County, Florida. Plaintiff was employed as a cable services installer for the Defendants. The Plaintiff worked in the field on a daily basis in southwest Florida. Plaintiff's work originated out of Defendants CABLENET's office located at 2280 Bruner Lane, Fort Myers, Florida 33900. A copy of his Consent to Join is attached as Exhibit K.

14. Plaintiff SYLVIO MAURIZ is an adult and resides in Lee County, Florida. Plaintiff was employed as a cable services installer for the Defendants. The Plaintiff worked in the field on a daily basis in southwest Florida. Plaintiff's work originated out of Defendants CABLENET's office located at 2280 Bruner Lane, Fort Myers, Florida 33900. A copy of his Consent to Join is attached as Exhibit L.

15.     Plaintiff CHRIS MESHELL is an adult and resides in Lee County, Florida. Plaintiff was employed as a cable services installer for the Defendants. The Plaintiff worked in the field on a daily basis in southwest Florida. Plaintiff's work originated out of Defendants CABLENET's office located at 2280 Bruner Lane, Fort Myers, Florida 33900.  A copy of his Consent to Join is attached as Exhibit M.

16.     Plaintiff JEFF PLEVIN is an adult and currently resides in Macomb County, Michigan though at the time of his employment with Defendants resided in Lee County, Florida. Plaintiff was employed as a cable services installer for the Defendants. The Plaintiff worked in the field on a daily basis in southwest Florida. Plaintiff's work originated out of Defendants CABLENET's office located at 2280 Bruner Lane, Fort Myers, Florida 33900.  A copy of his Consent to Join is attached as Exhibit N.

17.     Plaintiff DANNY RIVERA is an adult and resides in Collier County, Florida. Plaintiff was employed as a cable services installer for the Defendants. The Plaintiff worked in the field on a daily basis in southwest Florida. Plaintiff's work originated out of Defendants CABLENET's office located at 2280 Bruner Lane, Fort Myers, Florida 33900.  A copy of his Consent to Join is attached as Exhibit O.

18.     Plaintiff ERWIN ROJAS is an adult and resides in Collier County, Florida. Plaintiff was employed as a cable services installer for the Defendants. The Plaintiff worked in the field on a daily basis in southwest Florida. Plaintiff's work originated out of Defendants CABLENET's office located at 2280 Bruner Lane, Fort Myers, Florida 33900.  A copy of his Consent to Join is attached as Exhibit P.

19.     Plaintiff STEPHEN SHEA is an adult and resides in Lee County, Florida. Plaintiff was employed as a cable services installer for the Defendants. The Plaintiff

worked in the field on a daily basis in southwest Florida. Plaintiff's work originated out of Defendants CABLENET's office located at 2280 Bruner Lane, Fort Myers, Florida 33900.  A copy of his Consent to Join is attached as Exhibit Q.

20. Plaintiff WILLIAM WEISSINGER is an adult and resides in Lee County, Florida. Plaintiff was employed as a cable services installer for the Defendants. The Plaintiff worked in the field on a daily basis in southwest Florida. Plaintiff's work originated out of Defendants CABLENET's office located at 2280 Bruner Lane, Fort Myers, Florida 33900.  A copy of his Consent to Join is attached as Exhibit R.

21. Plaintiff KELVIN BETANCES-RODRIGUEZ is an adult and resides in Lee County, Florida. Plaintiff was employed as a cable services installer for the Defendants. The Plaintiff worked in the field on a daily basis in southwest Florida. Plaintiff's work originated out of Defendants CABLENET's office located at 2280 Bruner Lane, Fort Myers, Florida 33900.  Copy of his Consent to Join is attached as Exhibit S.

22. Plaintiff STEVEN BETTS is an adult and resides in Lee County, Florida. Plaintiff was employed as a cable services installer for the Defendants. The Plaintiff worked in the field on a daily basis in southwest Florida. Plaintiff's work originated out of Defendants CABLENET's office located at 2280 Bruner Lane, Fort Myers, Florida 33900.  Copy of his Consent to Join is attached as Exhibit T.

23. Plaintiff ANGEL FELIZ is an adult and resides in Osceola County though at the time of his employment with Defendants resided in Lee County, Florida. Plaintiff was employed as a cable services installer for the Defendants. The Plaintiff worked in the field on a daily basis in southwest Florida. Plaintiff's work originated out of Defendants

CABLENET's office located at 2280 Bruner Lane, Fort Myers, Florida 33900. Copy of his Consent to Join is attached as Exhibit U.

24. Plaintiff ALFREDO MARRANZINI is an adult and resides in Lee County, Florida. Plaintiff was employed as a cable services installer for the Defendants. The Plaintiff worked in the field on a daily basis in southwest Florida. Plaintiff's work originated out of Defendants CABLENET's office located at 2280 Bruner Lane, Fort Myers, Florida 33900. Copy of his Consent to Join is attached as Exhibit V.

25. Plaintiff NICOLAS MARTE is an adult and resides in Lee County, Florida. Plaintiff was employed as a cable services installer for the Defendants. The Plaintiff worked in the field on a daily basis in southwest Florida. Plaintiff's work originated out of Defendants CABLENET's office located at 2280 Bruner Lane, Fort Myers, Florida 33900. Copy of his Consent to Join is attached as Exhibit W.

26. Plaintiff DAYLIN ULLOA-POLANCO is an adult and resides in Lee County, Florida. Plaintiff was employed as a cable services installer for the Defendants. The Plaintiff worked in the field on a daily basis in southwest Florida. Plaintiff's work originated out of Defendants CABLENET's office located at 2280 Bruner Lane, Fort Myers, Florida 33900. Copy of his Consent to Join is attached as Exhibit X.

27. Plaintiff ANALQUI FRANCO is an adult and resides in Lee County, Florida. Plaintiff was employed as a cable services installer for the Defendants. The Plaintiff worked in the field on a daily basis in southwest Florida. Plaintiff's work originated out of Defendants CABLENET's office located at 2280 Bruner Lane, Fort Myers, Florida 33900. Copy of his Consent to Join is attached as Exhibit Y.

28. Defendants, CABLENET SERVICES UNLIMITED, INC., is Delaware

Corporation with a principal place of business located at 7 Chelsea Pkwy, Ste 709, Marcus Hook, PA 19061, PA. At all times material, Defendant, CABLENET SERVICES UNLIMITED, INC., did business through various divisions and subsidiaries throughout the United States including CABLENET SERVICES UNLIMITED (FLORIDA) LLC.

29.     Defendants, CABLENET SERVICES UNLIMITED (FLORIDA) LLC, is registered to do business in the state of Florida as a Foreign Limited Liability Company, with a principal place of business located at 7 Chelsea Pkwy, Ste 709, Marcus Hook, PA 19061, PA. At all times material, Defendants, CABLENET SERVICES UNLIMITED (FLORIDA) LLC, was authorized to do business in the state of Florida.

30.     Defendants, CABLENET SERVICES UNLIMITED, INC. and CABLENET SERVICES UNLIMITED (FLORIDA) LLC, and each of their divisions, however constituted, are joint employers of Plaintiffs and others similarly situated employees because they are commonly controlled and not completely disassociated with respect to the terms of compensation and employment of Plaintiffs and other similarly situated employees.

## JURISDICTION AND VENUE

31.     This Court has original federal question jurisdiction under 28 U.S.C. § 1311 for the claims brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.

32.     The United States District Court for the Middle District of Florida has personal jurisdiction because Defendants conducts business within this District.

33.     Venue is proper in this Court pursuant to 28 U.S.C. §1391(b), inasmuch as the Defendants have offices, conduct business and can be found in the Middle District of

Florida, and the cause of action set forth herein has arisen and occurred in substantial part in the Middle District of Florida. Venue is also proper under 29 U.S.C. §1132(e)(2) because Defendants have substantial business contacts within the state of Florida.

**COUNT I – FLSA COLLECTIVE ACTION**
**Failure To Pay Overtime Wages In Violation**
**Of The FLSA, 29 U.S.C. §216(b)**

34. Plaintiffs, BRETT BACHMAN, JESUS CALDERONE, GABRIEL ARTHILA, MAXWELL BARTHELMESS, JOSHUA BROTHEIM, JOHN COPE, MICHAEL DAVIS, DOUGLAS HARDESTY, KENNETH HARBIN, FRANK HARTLEB, VICTOR MARTINEZ, SYLVIO MAURIZ, CHRIS MESHELL, JEFF PLEVIN, DANNY RIVERA, ERWIN ROJAS, STEPHEN SHEA, WILLIAM WEISSINGER, KELVIN BETANCES-RODRIGUEZ, STEVEN BETTS, ANGEL FELIZ, ALFREDO MARRANZINI, NICOLAS MARTE, DAYLIN ULLOA-POLANCO and ANALQUI FRANCO, on behalf of themselves and all others similarly situated, hereby incorporate paragraphs 1 through 33 of this Complaint into this Count.

35. Plaintiffs were employed with Defendants working as cable services installers.

36. Plaintiffs, and all other similarly situated cable service installers, are "employees" of CABLENET as defined under the FLSA entitling them to overtime compensation for hours worked in excess of forty per work week.

37. During their employment with Defendants, Plaintiffs worked as non-exempt cable technicians and were compensated on a piece rate basis for the work they performed. Plaintiffs regularly worked over forty (40) hours per week during their employment. However, Defendants did not compensate plaintiffs for all the overtime

10

hours they worked. Plaintiffs seek unpaid overtime wages and liquidated damages, for work performed at the beginning of their shift performing tasks such as, *inter alia*, acquiring customer paperwork for the day, loading their truck and then traveling to their first job, time spent traveling from job to job, time spent waiting for assignments while in the field, time spent traveling back to Defendants' business location, and completing and turning in their paperwork and unloading their truck

38. Prior to and during the Plaintiffs employment with the Defendants. The Defendants employed numerous other individuals who had the same job duties and compensation structure as the Plaintiffs (the putative representative action Plaintiffs).

39. Plaintiffs bring overtime claims as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b), on behalf of all persons who were, are, or will be employed by the Defendants as cable service installers within three years from the commencement of this action who have not been compensated for all work performed in excess of forty hours per week.

40. This Complaint may be brought and maintained as an "opt-in" collective action pursuant to section 16 of the FLSA, 29 U.S.C. §216(b), for all claims asserted by the Representative Plaintiffs because the claims of the Plaintiffs are similar to the claims of the putative Plaintiffs of the representative action.

41. Plaintiffs and the putative representative action plaintiffs are similarly situated, have substantially similar job requirements and pay provisions, and are subject to Defendants' common practice, policy, or plan of refusing to pay overtime in violation of the FLSA.

42. The names and addresses of the putative members of the representative

action are available from Defendants. To the extent required by law, notice will be provided to said individuals via First Class Mail and/or by the use of techniques and a form of notice similar to those customarily used in representative actions.

43. At all relevant times, Defendants has been, and continues to be, an "employer" engaged in the interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. §203. At all relevant times, Defendants has employed, and/or continues to employ, "employee[s]," including each of the putative members of the FLSA representative action. At all times relevant herein, Defendants has had gross operating revenues in excess of $500,000.00 (Five Hundred Thousand Dollars).

44. The FLSA requires each covered employer, such as Defendants, to compensate all nonexempt employees at a premium rate equal to one-half the employee's regular rate for all overtime hours worked.

45. Plaintiffs and the putative members of the FLSA representative action are not exempt from the right to receive overtime pay under the FLSA and are not exempt from the requirement that their employer pay them overtime compensation under the FLSA. Plaintiffs and the putative members of the FLSA representative action are entitled to be paid overtime compensation for all overtime hours worked.

46. At all relevant times, Defendants have a policy and practice of failing and refusing to pay full overtime pay to its cable service installer employees at a premium rate equal to one-half the employee's regular rate for all overtime hours work performed in excess of forty hours in a work week.

47. The Defendants failed to compensate Plaintiffs and all other similarly

situated employees for work performed in excess of forty hours in a work week, and therefore, Defendants have violated, and continues to violate, the FLSA, 29 U.S.C. §§201, *et seq.,* including 29 U.S.C. §207(a)(1).

48. The foregoing conduct, as alleged herein, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. §255(a).

49. The Plaintiffs, on behalf of themselves and all similarly situated employees of Defendants, seek damages in the amount of all respective unpaid overtime compensation for work performed in excess of forty hours in a work week, plus liquidated damages, as provided by the FLSA, 29 U.S.C. §216(b), and such other legal and equitable relief as the Court deems just and proper.

50. Plaintiffs, on behalf of themselves and all similarly situated employees of Defendants, seek recovery of all attorneys' fees, costs, and expenses of this action, to be paid by Defendants, as provided by the FLSA, 29 U.S.C. §216(b).

**WHEREFORE,** Plaintiffs, on behalf of themselves and all proposed members of the FLSA representative action, pray for relief as follows:

a. Designation of this action as a collective action on behalf of the proposed members of the FLSA representative action and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consents To Sue pursuant to U.S.C. §216(b);

b. Designation of Plaintiffs, BRETT BACHMAN, JESUS CALDERONE, GABRIEL ARTHILA, MAXWELL BARTHELMESS, JOSHUA

BROTHEIM, JOHN COPE, MICHAEL DAVIS, DOUGLAS HARDESTY, KENNETH HARBIN, FRANK HARTLEB, VICTOR MARTINEZ, SYLVIO MAURIZ, CHRIS MESHELL, JEFF PLEVIN, DANNY RIVERA, ERWIN ROJAS, STEPHEN SHEA, WILLIAM WEISSINGER, KELVIN BETANCES-RODRIGUEZ, STEVEN BETTS, ANGEL FELIZ, ALFREDO MARRANZINI, NICOLAS MARTE, DAYLIN ULLOA-POLANCO and ANALQUI FRANCO, as Representative Plaintiffs of the putative members of the FLSA representative action;

c. A declaratory judgment that the practices complained of herein are unlawful under the FLSA, 29 U.S.C. §201, et seq.;

d. An injunction against Defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with Defendants, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

e. An award of damages for overtime compensation due for the Plaintiffs and the putative members of the class, including liquidated damages, to be paid by Defendants;

f. Costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees;

g. Pre-Judgment and Post-Judgment interest, as provided by law; and

h. Any and all such other and further legal and equitable relief as this Court deems necessary, just and proper.

## DEMAND FOR JURY TRIAL

51. Plaintiffs, on behalf of themselves and all others similarly situated, hereby demand a jury trial on all causes of action and claims with respect to which they and all members of the proposed representative action have a right to jury trial.

Respectfully submitted,

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on January 11, 2011, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: MARGARET DIBIANCA and SCOTT HOLT, YOUNG, CONAWAY, STARGATT & TAYLOR, LLP, The Brandywine Building, 1000 West Street, 17th Floor, Wilmington, Delaware 19899-0391, Thomas H. Loffredo, GRAY ROBINSON, P.A., 401 East Las Olas Boulevard, Suite 1850, Ft. Lauderdale, Florida 33131, and Amy L. Garrard, Esq., GRAY ROBINSON, P.A., Stabile Building, 5551 Ridgewood Drive, Suite 101, Naples Florida 34108.

BERKE & LUBELL, P.A.

By:   /s/ Bill B. Berke
      Bill B. Berke
      Florida Bar No. 0558011
      berkelaw@yahoo.com
      Patrick S. Javier
      Florida Bar No. 16645
      patrickjavier@ymail.com
      1003 Del Prado Blvd., Ste. 300
      Cape Coral, FL 33990
      Telephone: (239) 549-6689
      Facsimile: (239) 549-3331
      *Attorney for Plaintiffs*