# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### FT. MYERS DIVISION

**BRETT BACHMAN, JESUS CALDERONE, GABRIEL ARTHILA, MAXWELL BARTHELMESS, JOSHUA BROTHEIM, JOHN COPE, MICHAEL DAVIS, DOUGLAS HARDESTY, KENNETH HARBIN, FRANK HARTLEB, VICTOR MARTINEZ, SYLVIO MAURIZ, CHRIS MESHELL, JEFF PLEVIN, DANNY RIVERA, ERWIN ROJAS, STEPHEN SHEA, WILLIAM WEISSINGER, KELVIN BETANCES-RODRIGUEZ, STEVEN BETTS, ANEL FELIZ, ALFREDO MARRANZINI, NICOLAS MARTE, DYLIN ULLOA-POLANCO, ANALQUI FRANCO,** Individually, and on behalf of all Others Similarly Situated

                **Plaintiffs,**

-vs-                                            Case No. 2:10-cv-67-FtM-36DNF

**CABLENET SERVICES UNLIMITED, INC.**, A Delaware Corporation, **CABLENET SERVICES UNLIMITED (FLORIDA) LLC**, a Foreign Limited Liability Company,

                **Defendants.**

_____

# ORDER

This cause came on for consideration on the following motion(s) filed herein:

-1-

| | |
|---|---|
| **MOTION:** | **MOTION TO COMPEL CERTAIN PLAINTIFFS' RESPONSES TO THE COURT'S INTERROGATORIES AND FOR SANCTIONS (Doc. No. 142)** |
| **FILED:** | December 22, 2010 |

**THEREON** it is **ORDERED** that the Motion to Compel is **GRANTED,** and the Motion for Sanctions is **DENIED**.

## BACKGROUND

This cause is before the Court on Defendants CableNet Services Unlimited, Inc., and Cablenet Services Unlimited (Florida) LLC's ("Defendants") Motion to Compel Certain Plaintiffs' Responses to the Court's Interrogatories and for Sanctions (Doc. 142) filed on December 22, 2010. Defendants contend that opt-in Plaintiff Dylin Ulloa ("Ulloa") filed his Notice of Consent to Join (Doc. 88) on October 4, 2010, and failed to respond to the Court's Interrogatories within the time period required by the Scheduling Order (Doc. 13). (Doc. 142, ¶ 2, 3). Defendants request that Ulloa be compelled to respond to the Court's Interrogatories and sanctioned in the event that he fails to do so. (Doc. 142, ¶ 4). In addition, Defendants request that numerous Plaintiffs be compelled to provide more detailed answers to Interrogatory No. 9 of the Court's Interrogatories (Doc. 142, ¶ 5, 6, 7, 8, 9, 10, 11) and that Plaintiffs Arthila, Shea, and Betts be compelled to respond to Interrogatory Nos. 10, 11, and 12 of the Court's Interrogatories. (Doc. 142, ¶ 9). Defendants seek their attorney's fees and costs associated with the preparation of the Motion to Compel as a sanction. (Doc. 142).

Plaintiffs filed a response to Defendants' Motion to Compel on January 6, 2011. (Doc. 162). Plaintiffs contend that Ulloa was unable to file a response to the Court's Interrogatories within the time period specified by the Scheduling Order because Defendants delayed sending Plaintiffs the

index needed to obtain the information from the documents produced until December 20, 2010. (Doc. 162, ¶ 4). Ulloa filed his responses on December 23, 2010. (Doc. 143).

As for Defendants' additional requests to compel, Plaintiffs contend that the answer of "unknown" to Interrogatory No. 9 is sufficient because at this stage of the litigation a request for a detailed calculation of Plaintiffs' accrued attorney's fees is unreasonable, unduly burdensome, and premature. (Doc. 162, ¶ 8). Plaintiffs suggest that the issue of attorneys fees be handled at the end of the case. (Doc. 162, ¶ 8). Plaintiffs did not offer a response in regard to Plaintiffs Arthila, Shea, and Betts' failure to respond to Interrogatory Nos. 10, 11, and 12 of the Court's Interrogatories.

## DISCUSSION

Federal Rule of Civil Procedure 37(a)(3) permits a party to compel answers to discovery if the answers or productions are incomplete. Fed.R.Civ.P. 37(a)(3). Motions to compel discovery under Rule 37(a) are committed to the discretion of the trial court. *Commercial Union Ins. Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984). The trial court's exercise of discretion will be sustained absent a finding of abuse of discretion. *Id.*

On December 23, 2010, Ulloa filed a response to the Court's Interrogatories. (Doc. 143). Therefore, Defendants' Motion to Compel and Motion for Sanctions are moot as to this Plaintiff.

The Court does find grounds to order all Plaintiffs mentioned in Defendants' Motion to Compel to provide complete answers in response to Interrogatory No. 9 of the Court's Interrogatories.[1] These interrogatories are the standard Court Interrogatories and are used in every Fair Labor Standards Act case. Therefore, Plaintiffs are required to respond fully to Interrogatory

---

[1] Plaintiffs cite to an order in *Bonetti v. Embarq Management* (Case No. 6:07-cv-1335-Orl-31GKJ) to support their argument. The *Bonetti* case does not address the issues raised regarding production of information as to attorney's fees.

No. 9. The Court will allow Plaintiffs an additional twenty-one (21) days to file a response to Interrogatory No. 9.

The Court also finds that Plaintiffs Arthila, Shea, and Betts are required to respond to Interrogatory Nos. 10, 11 and 12 of the Court's Interrogatories. Their answers are required pursuant to the Court's Scheduling Order. (Doc. 13). As such, Plaintiffs Arthila, Shea, and Betts are given fourteen (14) days to answer Interrogatory Nos. 10, 11, and 12 of the Court's Interrogatories.

In addition to Defendants' Motion to Compel, Defendants request that they be awarded their attorney's fees associated with the preparation of the motion as a sanction pursuant to Rule 37(a)(5)(A). Under Rule 37(a)(5)(A)(ii) and (iii), a court may deny a request for expenses if it determines that the opposing party's response was substantially justified or other circumstances make an award of expenses unjust. Fed.R.Civ.P. 37(a)(5)(A)(ii) and (iii); *Prato v. Hacienda Del Mar, LLC*, 2010 WL 1544353, *1 (M.D. Fla. April 19, 2010). The Court does not find just cause to impose sanctions as a result of Defendants' Motion to Compel due to Ulloa's immediate filing of his responses to the Court's Interrogatories and Plaintiffs' justified, yet unpersuasive objection to the Court's Interrogatories and Defendants' motion.

**IT IS FURTHER ORDERED:**

1. Defendants' Motion to Compel Certain Plaintiffs' Responses to the Court's Interrogatories is **GRANTED** and Motion for Sanctions **DENIED**.

2. Plaintiffs Angel Feliz, Nicolas Marte, Alfredo Marranzini, Kevin Betances-Rodriguez, Frank Hartleb, John Cope, Sylvio Mauriz, Victor Martinez, Analqui Franco, Gabriel Arthila, Stephen Shea, Steven Betts, Edwin Rojas, Danny Rivera, Daylin Ulloa, and Douglas Hardesty are

ordered to provide a complete answer to Interrogatory No. 9 of the Court's Interrogatories within twenty-one (21) days from the date of this order.

    3. Plaintiffs Gabriel Arthila, Stephen Shea, and Steven Betts are ordered to provide complete answers to Interrogatory Nos. 10, 11, and 12 of the Court's Interrogatories within fourteen (14) days from the date of this order.

    **DONE** and **ORDERED** in Chambers in Ft. Myers, Florida this   25th   day of January, 2011.

*[signature]*
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record