## UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
#### FT. MYERS DIVISION

BRETT BACHMAN, JESUS
CALDERONE, GABRIEL ARTHILA,
MAXWELL BARTHELMESS, JOSHUA
BROTHEIM, JOHN COPE, MICHAEL
DAVIS, DOUGLAS HARDESTY,
KENNETH HARBIN, FRANK HARTLEB,
VICTOR MARTINEZ, SYLVIO MAURIZ,
CHRIS MESHELL, JEFF PLEVIN,
DANNY RIVERA, ERWIN ROJAS,
STEPHEN SHEA, WILLIAM
WEISSINGER, KELVIN BETANCES-
RODRIGUEZ, STEVEN BETTS, ANEL
FELIZ, ALFREDO MARRANZINI,
NICOLAS MARTE, DYLIN ULLOA-
POLANCO, ANALQUI FRANCO,
Individually, and on behalf of all Others
Similarly Situated

                      **Plaintiffs,**

-vs-                                     Case No. 2:10-cv-67-FtM-36DNF

CABLENET SERVICES UNLIMITED,
INC., A Delaware Corporation, CABLENET
SERVICES UNLIMITED (FLORIDA)
LLC, a Foreign Limited Liability Company,

                      **Defendants.**

_____

## ORDER

This cause came on for consideration on the following motion(s) filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION FOR PROTECTIVE ORDER FROM DEFENDANTS' DEPOSITIONS (Doc. No. 178)** |
| **FILED:** | **January 28, 2011** |

**THEREON** it is **ORDERED** that the motion is **DENIED**.

The Plaintiffs are requesting that the depositions of eight (8) Plaintiffs set from February 9, 2011 through February 11, 2011 not go forward. The Defendants filed a Response In Opposition (Doc. 187) on February 3, 2011. Counsel for the Plaintiffs assert that they are unavailable on the dates set for these depositions, the depositions were set unilaterally by Defendants' counsel, and Defendants' counsel failed to confer with Plaintiffs' counsel. The Plaintiffs argue that scheduling the depositions on January 20, 2011 did not allow for proper notice as the first deposition was to begin on February 9, 2011. Pursuant to Local Rule 3.02, a party must give at least 14 days notice of a deposition. The Defendants clearly complied with this Local Rule and the Court finds the Plaintiffs' argument lacks merit.

Counsel for the Plaintiffs also claim that they have hearings, a mediation, a trial, and a Social Security Hearing on the dates set for the depositions. Plaintiffs' counsel claims that the Defendants failed to confer before scheduling the depositions. The Plaintiffs' counsel informed the Defendants' counsel by e-mail that they would be available for four days in March and two days in April for depositions, but they were not available in February. Again the Plaintiffs' arguments lack merit. On November 16, 2010, in an e-mail from Plaintiffs' counsels' paralegal, the paralegal stated that counsel had limited availability in December and January and asked the Defendants' counsel to provide dates in February. (See, Doc. 128). The Defendants began their attempts to schedule the Plaintiffs depositions in November. If the dates selected were objectionable to the Plaintiffs, or if a Plaintiff was

unable to attend the deposition for whatever reason, a proper time to file a motion for protective order would have been in November. The Defendants did re-notice some of the depositions on January 20, 2011. However since November, the Plaintiffs' counsel knew these depositions were going to occur and waited until January 28, 2011 in which to file a motion.  The Defendants attached 51 pages of documents showing how diligently the Defendants' counsel worked to schedule the depositions of these Plaintiffs.  The Court found previously (See, Doc. 145) that Defendants' counsel did cooperate, and it is clear that the Defendants' counsel continued to cooperate in the scheduling of the Plaintiffs' depositions.  Plaintiffs' counsel, on the other hand, appears to change dates of availability on a whim.

Plaintiffs' counsel once again raised the arguments that it was a hardship for some Plaintiffs to travel to Naples, Florida for their deposition, and that the depositions should be limited to 3 hours and should be taken where the deponent resides.  The Defendants assert that these issues were raised in a previous Motion for a Protective Order (Doc. 124) and were denied by Order (Doc. 145) on December 23, 2010.  The Defendants are correct.  In the previous Order, the Court found that pursuant to Local Rule 3.04(b), that the Plaintiffs may be deposed in Naples, Florida, that pursuant to Fed.R.Civ.P. 30(d)(1) their depositions could last up to 7 hours, and that the Defendants' counsel had conferred regarding the scheduling of the Plaintiffs' depositions.  The Plaintiffs cut and pasted portions of their prior motion and memorandum of law into the new Motion for Protective Order, including the typographical errors.  The Plaintiffs did not even acknowledge this Court's prior ruling in their Motion.  The Court finds this conduct to be unacceptable.

The only exception the Court will make is to the deposition of the Plaintiff, Douglas Hardesty. Although the Court recognizes that the Plaintiffs' counsel should have informed the Defendants'

counsel in November that Mr. Hardesty is unable to travel, the Court will accept the doctor's note attached to the Motion and require Mr. Hardesty's deposition to occur near his home.

The Court finds that Plaintiffs' counsels' actions are bordering on sanctionable.  The Court determines that the Plaintiffs' counsels' actions are seriously lacking, and show a failure to extend common courtesy to a fellow attorney and the Court.  The Court will not tolerate such behavior in the future.

**IT IS FURTHER ORDERED:**

The depositions of the Plaintiffs shall be conducted on the date and time set by the Defendants with the exception of Douglas Hardesty whose deposition shall occur near his home.  The Court will allow counsel for the Defendants the discretion to reschedule any deposition, and if Defendants' counsel agrees to reschedule a Plaintiff's depositions, the Court will require the Plaintiffs' **counsel** to pay for the fees and costs associated with the rescheduling of the depositions.

| | |
|---|---|
| **MOTION:** | **MOTION TO COMPEL THE DEPOSITIONS OF DEFENDANTS WITNESSES AND CORPORATE REPRESENTATIVES (Doc. No. 179)** |
| **FILED:** | **January 31, 2011** |
| **THEREON** it is **ORDERED** that the motion is **DENIED**. | |

The Plaintiffs are requesting that the Court compel counsel for the Defendants to cooperate in the scheduling of the depositions of Defendants' witnesses, John Pergolini, Howard Siebert, and James Bergen.  The Defendants filed a Response in Opposition (Doc. 187) on February 3, 2011.

-4-

Based upon the response and the prior conduct of Plaintiffs' counsel, the Court finds that the Defendants' counsel was reasonable in not scheduling the depositions of the Defendants until the Plaintiffs' depositions were scheduled.  Now that the scheduling of the Plaintiffs' depositions has been resolved, the Court will require the parties to meet in good faith and schedule the depositions of the Defendants on a date and time that is convenient to all.

**DONE** and **ORDERED** in Chambers in Ft. Myers, Florida this ___7th___ day of February, 2011.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record

-5-